**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JOHN J. TATAR,

                      Plaintiff,

v.

WILLIAM R. MAYER, JAMES LITTLE,
DEFENSE FINANCE AND ACCOUNTING
SERVICES, OFFICE OF RETIREMENT
SERVICES, STATE OF MICHIGAN, MICHIGAN
EDUCATION CREDIT UNION, and
MIDAMERICA ADMINISTRATIVE AND
RETIREMENT SOLUTIONS, INCORPORATED,

                      Defendants.

_____/

CASE NO. 12-14814

HON. MARIANNE O. BATTANI

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO
QUASH CERTIFICATION OF MAYER AND LITTLE**

      Before the Court is Plaintiff John Tatar's Motion to Quash Certification of Mayer and

Little (doc. No. 26).  The Court has reviewed the motion and response and finds oral

argument will not aid in the resolution of this dispute.  See E. D. Mich. LR 7.1(f)(2).   For

the reasons discussed below, the Court **DENIES** Plaintiff's motion.

**I.  STATEMENT OF FACTS**

      Plaintiff John Tatar brings this action pursuant to 42 U.S.C. § 1983, alleging that

Defendants violated his civil rights through the collection of income taxes.  Tatar named

as Defendants William R. Mayer, and James Little, employees of the Internal Revenue

Service.

       The Federal Tort Claims Act ("FTCA"), as amended by the Federal Employees

Liability Reform and Tort Compensation Act of 1988 (the "Westfall Act"), 28 U.S.C. §§

1346(b), 2671-2680, provides the exclusive remedy for negligent or wrongful acts by government employees acting within the scope of their employment is a suit against the United States.  See Sykes v. United States, 507 F. App'x 455, 460 (6th Cir. 2012) (citing Dolan v. United States, 514 F.3d 587, 593 (6th Cir. 2008)).  The FTCA includes a provision authorizing the Attorney General to issue a "scope certification," wherein he certifies that "the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose. . . ."  28 U.S.C. § 2679(d)(1), (d)(2).  The Attorney General has delegated this authority to United States Attorneys who make the scope certification determinations in consultation with the Department of Justice.  See 28 C.F.R. § 15.3.  Moreover, when the Attorney General, or his designee, certifies that the employee's actions were within his scope of employment, the suit "shall be deemed an action against the United States" under the FTCA and "the United States shall be substituted as the party defendant."   28 U.S.C. § 2679(d)(1), (d)(2).

Here, the Attorney General's designee filed a Certification executed through the United States Attorney for the Eastern District of Michigan certifying that the IRS employees were acting within the scope of their employment during all the actions described in Plaintiff's complaint.  Thereafter, Plaintiff filed his Motion to Quash, arguing the conduct at issue was premised on his status as a taxpayer, a status he disputes.

This Court finds that substitution of the United States as defendant in this action is proper, and required by statute.  Mayer and Little certainly were acting within the scope of their employment when they mailed the challenged Notices of Levy, Forms, and correspondence to Plaintiff and others.  Further, the United States agrees that it may be substituted only for those claims that are "founded upon state law" or federal statute "for

2

the violation of which no action against an individual is authorized, and which arises or results from any alleged wrongful act or omission of the IRS Defendants while acting within the scope of their federal office or employment."   (Doc. No. 35 at 2).  Even though the United States cannot be substituted for all the claims Plaintiff advances against Mayer and Little, there is no basis for quashing the certification, and the Court finds no basis to set aside the substitution.

For the reasons stated, Plaintiff's Motion is **DENIED**.

**IT IS SO ORDERED.**

s/Mariannne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

Dated: August 6, 2013

### CERTIFICATE OF SERVICE

Copies of this Order were mailed to Plaintiff and counsel of record on this date by ordinary mail and/or electronic filing.

s/Bernadette M. Thebolt
Case Manager

3