UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN J. TATAR,

          Plaintiff,

v.

WILLIAM R. MAYER, JAMES LITTLE, DEFENSE FINANCE AND ACCOUNTING SERVICES, OFFICE OF RETIREMENT SERVICES, STATE OF MICHIGAN, MICHIGAN EDUCATION CREDIT UNION, and MIDAMERICA ADMINISTRATIVE AND RETIREMENT SOLUTIONS, INCORPORATED,

          Defendants.
_____/

CASE NO. 12-14814

HON. MARIANNE O. BATTANI

**OPINION AND ORDER GRANTING DEFENDANT STATE OF MICHIGAN, OFFICE OF RETIREMENT SERVICES' MOTION TO DISMISS OR ALTERNATIVELY FOR SUMMARY JUDGMENT**

Before the Court is Defendant State of Michigan, Office of Retirement Services ("ORS") Motion to Dismiss or Alternatively for Summary Judgment (Doc. No. 7). The Court has reviewed the motion and responsive filings, and finds oral argument will not aid in the resolution of this dispute. See E. D. Mich. LR 7.1(f)(2). For the reasons discussed below, the Court **GRANTS** Defendant's motion.

**I. STATEMENT OF FACTS**

Plaintiff John Tatar brings this action pursuant to 42 U.S.C. § 1983, alleging that Defendant ORS is guilty of conversion and operated beyond its limited authority. According to Tatar, on December 5, 2011, Defendant William Mayer, on behalf of the Internal Revenue Service, mailed a Notice of Levy to ORS. Tatar alleges that the Notice

of Levy did not conform to 26 U.S.C. § 6331. (Doc. No. 1 at ¶ 8). Tatar further alleges that ORS maintained a sufficiently interdependent or symbiotic relationship with the IRS, such that its actions deprived Tatar of constitutional rights. (Id.) In his second cause of action, Plaintiff alleges that ORS "intentionally interfered with Plaintiff's retirement earnings" by keeping 75% of Plaintiff's property under the threat of Form 668 Notice of Levy. (Doc. No. 1 at ¶¶ 37, 38).

## II. STANDARD OF REVIEW

"A pleading that states a claim for relief must contain. . .a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). The requirement is meant to provide the opposing party with " 'fair notice of what the. . .claim is and the grounds upon which it rests.' " Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, (2007) (quoting Conley v. Gibson, 355 U.S. 42, 47 (1957)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombley, 550 U.S. at 570)). "Facial plausibility" requires the plaintiff to include sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

If a complaint does not meet that standard, the opposing party may move to dismiss it for failure to state a claim at any time before filing an answer. See Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. "Factual allegations must be enough to raise a right to relief above a speculative level, on the assumption that all the allegations in the complaint

are true. . . ." Id. at 555-56 (citations omitted).

Rule 12(d) provides that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Under certain circumstances, however, a document that is not formally incorporated by reference or attached to a complaint may still be considered part of the pleadings. See 11 James Wm. Moore et al., Moore's Federal Practice § 56.30[4] (3d ed.1998). This occurs when "a document is referred to in the complaint and is central to the plaintiff's claim. . . ." Id. In such event, "the defendant may submit an authentic copy to the court to be considered on a motion to dismiss, and the court's consideration of the document does not require conversion of the motion to one for summary judgment." Id.; see, e.g., Weiner v. Klais & Co., 108 F.3d 86, 89 (6th Cir.1997) (considering pension plan documents that defendant attached to the motion to dismiss part of the pleadings because the documents were referred to in the complaint and were central to the plaintiff's claim for benefits under the plan). In sum, a court may consider "documents incorporated into a complaint by reference and matters of which a court may take judicial notice" without converting the motion into one for summary judgment. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308 (2007).

Summary judgment is appropriate only when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52, (1986). Rule 56

mandates summary judgment against a party who fails to establish the existence of an element essential to the party's case and on which that party bears the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. Once the moving party meets this burden, the non-movant must come forward with specific facts supported by affidavits or other appropriate evidence establishing a genuine issue for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). In evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the non-moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). The Court "must lend credence" to the non-moving party's interpretation of the disputed facts. Marvin v. City of Taylor, 509 F.3d 234, 238 (6th Cir. 2007) (citing Scott v. Harris, 127 S. Ct. 1769, 1775 (2007)). The mere existence of a scintilla of evidence in support of the non-moving party's position will not suffice. Rather, there must be evidence on which the jury could reasonably find for the non-moving party. Hopson v. DaimlerChrysler Corp., 306 F.3d 427, 432 (6th Cir. 2002).

### III. ANALYSIS

The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any foreign state." U. S. Const. amend. 11. Although the language does not expressly preclude citizens from suing their own state in federal court, the Supreme Court interprets it to bar such suits. See Edelman v. Jordan, 415 U.S. 651, 662-63 (1974) (although the language of the Eleventh Amendment does not bar suit

against a State by its own citizens, "this Court has consistently held that absent consent a State is immune from suits brought in federal courts by her own citizens").

In <u>Ernst v. Rising</u>, 427 F.3d 351, 361 (6th Cir. 2005), the Sixth Circuit applied the Eleventh Amendment and noted a suit against a state retirement system "brought by a private individual. . .would [be] barred by the Eleventh Amendment." See <u>Gies v. Flack</u>, 495 F. Supp. 2d 854, 860-61 (S.D. Ohio 2007) (observing that a suit against a state retirement system would be barred, but for the fact that the federal government filed the lawsuit). In addition, ORS is an arm of the State of Michigan, and cannot be sued in this court. Moreover, States and arms of a State are not "persons" for purposes of a suit brought under 42 U.S.C. § 1983. <u>Will v. MI Dep't of States Police</u>, 491 U.S. 58, 66 (1989).

Even if the Court had jurisdiction over this claim, Tatar's complaint fails to state a claim upon which relief can be granted as to ORS. Under 26 U.S.C. § 6332(e), ORS is immune from liability for any actions resulting from compliance with a notice of levy. Even Tatar's challenge to the validity of the underlying tax assessment, does not alter the analysis. <u>Lanier v. Wachovia Bank</u>, CIV.A.2:09CV4566WY, 2010 WL 1141267 (E.D. Pa. Mar. 24, 2010).

The Internal Revenue Code, provides for a tax lien to arise at the time of assessment on "all property and rights of property, whether real or personal," belonging to a delinquent taxpayer:

> If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

26 U.S.C. § 6321. Because the lien is not self-executing, the IRS has two options for

enforcement. First, the IRS can file an action to enforce the lien. See 26 U.S.C. § 7403(a). Second, the IRS can use an administrative levy. Section 6331 grants authority to the Secretary when certain conditions are met: the person liable for payment does not pay "within 10 days after notice and demand," the Secretary may collect the unpaid tax "by levy upon all property and rights to property" subject to certain exemptions. 26 U.S.C. § 6331(a). Judicial intervention is not required. United States v. Rodgers, 461 U.S. 677, 682-683 (1983). In short, under the second method, the IRS possesses the authority to collect the tax by nonjudicial means, such as levy "without having to prove to a court the validity of the underlying tax liability." United States v. Baggot, 463 U.S. 476 (1983).

When the levied property is held by a party other than the taxpayer, the IRS may demand that the third party surrender the property pursuant to 26 U.S.C. § 6332. Under subsection (c) banks "(as defined in section 408(n)) shall surrender (subject to an attachment or execution under judicial process) any deposits (including interest thereon) in such bank only after 21 days after service of levy." 26 U.S.C. § 6332(c). The governing treasury regulations instruct the IRS to make demands on third parties through a "notice of levy." 26 C.F.R. § 301.6331-1(a)(1) ("Levy may be made by serving a notice of levy on any person in possession of, or obligated with respect to, property or rights to property subject to levy, including receivables, bank accounts, evidences of debt, securities, and salaries, wages, commissions, or other compensation.").

Because third parties have concerns about turning over property, Congress alleviated any burden of making a correct determination of ownership. See Farr v. United States, 990 F.2d 451, 456 (9th Cir.1993). A third party's compliance is protected by Section 6332(e), which discharges the third party from "any obligation or liability to the

6

delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment." Even if a levy is invalid, as alleged here by Tatar, MECU retains its immunity from liability arising out of compliance with the levy. Moore v. Gen. Motors Pension Plans, 91 F.3d 848 (7th Cir. 1996) (holding that immunity is not limited to levies which survive challenges to their validity).

Accordingly, the Court lacks jurisdiction to decide Tatar's claims against ORS. Moreover, even if the Court possessed authority, the claims against ORS are barred under § 6332(e).

## IV. CONCLUSION

For the reasons stated, Defendant's Motion is **GRANTED**.

**IT IS SO ORDERED.**

                    s/Marianne O. Battani
                    MARIANNE O. BATTANI
                    UNITED STATES DISTRICT JUDGE

Dated: August 6, 2013

## CERTIFICATE OF SERVICE

Copies of this Order were mailed to Plaintiff and counsel of record on this date by ordinary mail and/or electronic filing.

                    s/Bernadette M. Thebolt
                    Case Manager