**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JOHN J. TATAR,

                Plaintiff,                CASE NO. 12-14814

v.                                          HON. MARIANNE O. BATTANI

WILLIAM R. MAYER, JAMES LITTLE, DEFENSE FINANCE AND ACCOUNTING SERVICES, OFFICE OF RETIREMENT SERVICES, STATE OF MICHIGAN, MICHIGAN EDUCATION CREDIT UNION, and MIDAMERICA ADMINISTRATIVE AND RETIREMENT SOLUTIONS, INCORPORATED,

                Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFFS'**
**MOTION FOR A PRELIMINARY INJUNCTION**

Before the Court is Plaintiff John Tatar's Motion for a Preliminary Injunction (Doc. No. 23). The Court has reviewed the motion and responses and finds oral argument will not aid in the resolution of this dispute. See E. D. Mich. LR 7.1(f)(2). For the reasons that follow, the Court **DENIES** Plaintiffs' Motion for Preliminary Injunction.

**I. STATEMENT OF FACTS**

Tatar filed suit under 42 U.S.C. § 1983, alleging that Defendants violated his civil rights by unlawfully seizing his property. Among other things, Tatar is seeking civil damages for unauthorized collections of federal taxes under 28 U.S.C. § 7433.

The dispute involves Defendants who sought to collect taxes and Defendants who were served and complied with Notices of Levy. Defendants William Mayer and James Little are employees of the Internal Revenue Service. Mayer served Notices of

Levy on Defendants State of Michigan Office of Retirement Services ("ORS"), Defense Finance and Accounting Services ("DFAS"), Michigan Education Credit Union, and MidAmerica Administrative and Retirement Solutions, Inc. ("MidAmerica")

According to Plaintiff, prior to filing suit, he attempted to resolve the issues through the administrative process. He now seeks a preliminary injunction prohibiting the ORS and DFAS from further withholding funds and seeks the release of any funds in excess of the 15% limitation allowed by 26 U.S.C. § 6331(h)(I) and (2)(B).

## II. STANDARD OF REVIEW

A preliminary injunction is an extraordinary measure that the Sixth Circuit has characterized as "one of the most drastic tools in the arsenal of judicial remedies." Bonnell v. Lorenzo, 241 F.3d 800, 808 (6th Cir. 2001) (quotation omitted). Accordingly, it is the movant's burden to show that a preliminary injunction is necessary. See United States Student Ass'n Found. v. Land, 546 F.3d 373, 380 (6th Cir. 2008). In considering a motion for preliminary injunction, the Court must balance four factors:

(1) whether the movant has a strong likelihood of success on the merits;

(2) whether the movant would suffer irreparable injury without the injunction;

(3) whether issuance of the injunction would cause substantial harm to others; and

(4) whether the public interest would be served by the issuance of the injunction.

Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp., 511 F.3d 535, 542 (6th Cir. 2007).

### III.    ANALYSIS

Although Plaintiff addressed those factors analyzed by courts relative to a request for a preliminary injunction, here, the Court must consider whether the requested relief violates that Anti-Injunction Act, 26 U.S.C. § 7421(a), which prohibits suits to restrain the assessment or collection of tax.  At the outset, the Court observes that even though Tatar's request is not explicitly directed to the IRS, a review of the motion shows that the primary purpose is to prevent collection of the taxes that have been assessed.  Absent a few enumerated exceptions, which are not pertinent to this lawsuit, this Court lacks jurisdiction over a suit to preemptively challenge a tax.  RYO Mach., LLC v. U.S. Dep't of Treasury, 696 F.3d 467, 470-71 (6th Cir. 2012).  As the Sixth Circuit explained, the rule facilitates "a policy preference that those aggrieved by taxation pay the tax first, and then sue for a refund."  Id. (citing Bob Jones Univ. v. Sec'y of Treasury, 416 U.S. 725, 736-37 (1974)).

In addition to the statutory exceptions, a judicial exception to the Act has been carved out by the Supreme Court.  To fall within the exception, Tatar must show that (1) "under the most liberal view of the law and the facts, the United States cannot establish its claim, Enochs v. Williams Packing & Nav. Co., 370 U.S. 1, 7 (1962); and (2) "irreparable injury" and no "adequate alternative remedy" Alexander v. Americans United Inc., 416 U.S. 752, 776 (1974).

Contrary to Plaintiff's contention that he has a strong likelihood of success on the merits, to sidestep the Anti-Injunction Act, he must show that the United States has no chance of prevailing on the mertis.  In his complaint, Tatar alleges that he is not a taxpayer, a legal conclusion that is not supported by the factual allegations in the

complaint.  Moreover, the United States had advanced several grounds for dismissal of the complaint in a motion, including Plaintiff's failure to properly serve, jurisdictional grounds, and failure to establish that a violation of the Internal Revenue Code occurred. Because the United States has offered a viable basis for the challenged conduct, Tatar fails to satisfy the first prong of the test.  Moreover, even if he had done so, Tatar cannot meet the second prong–no adequate legal remedy.

It is long established that irreparable injury is injury so great that an award after litigation has concluded would be inadequate to fully compensate the injured party. Aluminum Workers Int'l Union v. Consol. Aluminum Corp., 696 F.2d 437, 443 (6th Cir. 1982).  "Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." Sampson v. Murray, 415 U.S. 61, 90 (1974).  Furthermore, "the harm alleged must be both certain and immediate, rather than speculative or theoretical."  Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog, 945 F.2d 150, 154 (6th Cir. 1991). According to the United States, the IRS collects approximately $3850 per month from Tatar's accounts.  He asserts that as a result he has suffered serious debt and has been put in a financially unsustainable position.  His contention, for which no documentary support is offered, does not meet the standard.  "Temporary deprivation of money, alone, generally cannot constitute irreparable harm."  Jarro v. United States, 835 F. Supp. 625, 630 (S. D. Fla. 1992).

Here, the Court finds Tatar is not entitled to an exception from the Anti-Injunction Act, and the Court lacks jurisdiction to award the relief requested by Plaintiff.

## IV.  CONCLUSION

For the reasons stated, Plaintiff's motion is **DENIED**.

**IT IS SO ORDERED**.

        s/Marianne O. Battani
        MARIANNE O. BATTANI
        UNITED STATES DISTRICT JUDGE

Dated: August 6, 2013

## CERTIFICATE OF SERVICE

Copies of this Order were mailed to Plaintiff and counsel of record on this date by ordinary mail and electronic filing.

        s/Marianne O. Battani
        Case Manager