UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN J. TATAR,

              Plaintiff,

v.

WILLIAM R. MAYER, JAMES LITTLE, DEFENSE FINANCE AND ACCOUNTING SERVICES, OFFICE OF RETIREMENT SERVICES, STATE OF MICHIGAN, MICHIGAN EDUCATION CREDIT UNION, and MIDAMERICA ADMINISTRATIVE AND RETIREMENT SOLUTIONS, INCORPORATED,

              Defendants.
_____/

CASE NO. 12-14814

HON. MARIANNE O. BATTANI

### OPINION AND ORDER GRANTING DEFENDANTS WILLIAM R. MAYER AND JAMES LITTLE AND DEFENSE FINANCE AND ACCOUNTING SERVICES' JOINT MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO CURE DEFECTIVE SERVICE

Before the Court is Defendants William R. Mayer and James Little (collectively "IRS Defendants") and Defense Finance and Accounting Services ("DFAS")' Joint Motion to Dismiss, (Doc. No. 22), and Plaintiff's Motion for Extension of Time to Cure Defective Service of Process Upon the Named party Defendants (Doc. No. 31). The Court has reviewed the motions and responses, and finds oral argument will not aid in the resolution of this dispute. See E. D. Mich. LR 7.1(f)(2). For the reasons discussed below, the Court **GRANTS** Defendants' motion.

### I. STATEMENT OF FACTS

Plaintiff John Tatar brings this action pursuant to 42 U.S.C. § 1983, alleging that his civil rights have been violated. Defendant William Mayer is the Revenue Officer assigned

to collect Tatar's tax liabilities; Defendant James Little is the Supervisory Revenue Officer, who supervised Mayer.  In December 2011, Mayer served a Notice of Levy on Defense Finance and Accounting Services ("DFAS").  DFAS is an agency of the Department of Defense that provides accounting and payment services for Department of Defense ("DoD") military and civilian personnel and other federal agencies.  According to DFAS records, Tatar served in the military and became eligible for retirement pay in 2008.  Pursuant to the Notice of Levy, DFAS remitted certain amounts from Tatar's retirement pay to the IRS.

According to Defendants, Plaintiff John Tatar stopped filing income tax returns after he filed a return for the 2001 tax year in September 2002.  (Doc. No. 22, Ex. A5-A17).  After Tatar failed to file returns from 2002 through 2008, the Internal Revenue Service (IRS) made tax assessments.  (Doc. No. 22, Ex. A-6-A12).  The IRS also assessed penalties for late payment and late filing for various tax years pursuant to 26 U.S.C. § 6651(a)(1) and (3).  It also assessed penalties for filing frivolous returns for the tax years 2005, 2006, and 2007 pursuant to 176 U.S.C. § 6702.  According to Defendants, Tatar is liable for taxes, penalties, and interest in excess of $470,000 (Doc. No. 22, Ex. A1).

After the IRS took the challenged collections actions, Tatar sent a letter to Mayer, which Mayer received March 28, 2012.  Tatar contends that Mayer "placed an unlawful lien, levy or garnishment" on Tatar's property.  Mayer received a second letter on April 5, 2012.  In his communication, Tatar wrote there was no authority for the IRS to execute a levy against a private citizen "who is not a federal or state employee or seaman." Id.  On May 21, 2012, Mayer received another letter from Tatar, in which Tatar asserted that he did not owe any taxes to the IRS and demanded that all seized funds be returned.  (Doc.

No. 1, Ex. 8). Tatar continued to send correspondence to Mayer. In addition, on May 18, 2012, Tatar sent an Affidavit/Declaration and Statement of Facts/Cease and Desist to Douglas H. Sulman, Commissioner of the Internal Revenue Service.

In his October 30, 2012, Complaint, Tatar alleges that the IRS Defendants converted $60,937.15 of Plaintiff's personal property through fraudulent notices of levy, violated 42 U.S.C. § 1983 by violating numerous amendments to the Constitution; violated the tax code, and committed mail fraud. He served the IRS Defendants by U.S. mail with delivery confirmation; he did not sever the summons and complaint on the U.S. Attorney's Office, the United States Attorney General, or DFAS. Tatar contends that DFAS converted $11,914.20 of his personal property, violated the First Amendment when it failed to release the funds after Plaintiff's request for release, and violated various provisions in the tax code.

In their motion to dismiss, IRS Defendants and DFAS maintain that Tatar failed to properly serve. In addition to seeking dismissal for improper service, they assert entitlement to dismissal under Red. R. Civ. P. 12(b)(6).

## II. STANDARD OF REVIEW

"A pleading that states a claim for relief must contain. . .a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). The requirement is meant to provide the opposing party with " 'fair notice of what the. . .claim is and the grounds upon which it rests.' " Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, (2007) (quoting Conley v. Gibson, 355 U.S. 42, 47 (1957)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)

(quoting Twombly, 550 U.S. at 570)). "Facial plausibility" requires the plaintiff to include sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

If a complaint does not meet that standard, the opposing party may move to dismiss it for failure to state a claim at any time before filing an answer or for judgment on the pleadings after filing an answer. See Fed. R. Civ. P. 12(b)(6) & (c). "[T]he legal standards for adjudicating Rule 12(b)(6) and Rule 12(c) motions are the same. . . ." Lindsay v. Yates, 498 F.3d 434, 437 n. 5 (6th Cir. 2007).

## III. ANALYSIS

### A. Service

Defendants contend that DFAS and the individually named Defendants have not been served properly under Fed. R. Civ. P. 4(i) and, therefore, this action should be dismissed under Fed. R. Civ. P. 12(b)(5). District courts have discretion to dismiss an action for failure to serve a defendant with the summons and complaint. Nafziger v. McDermott Intern., Inc., 467 F.3d 514, 521 (6th Cir. 2006). Under Fed. R. Civ. P. 12(b)(5), a district court may dismiss an action for insufficient process.

To serve the United States, Rule 4(i)(1) of the Federal Rules of Civil Procedure provides that a party must:

> (A) (i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
>
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;

4

>    (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
>    (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1)(A)-(C).

After Defendants moved for dismissal based on service, Plaintiff filed a Motion for Extension of Time to Cure Defective Service of Process Upon the Named Party Defendants (Doc. No. 31), in which he concedes that he failed to serve properly. Tatar asks for an extension of time to serve Defendants. Because Plaintiff has failed to state a claim, the Court denies the motion.

### B. Failure to State a Claim

Although the parties submitted materials outside the pleadings for the Court's review, the added materials are part and parcel of Plaintiffs' causes of action and "are central to [Plaintiffs'] claim[s]." Weiner v. Klais & Co., Inc., 108 F.3d 86, 89 (6th Cir. 1997). Therefore, the Court considers these added material under the standards employed when reviewing a Rule 12(b)(6) motion. See also Winget v. JP Morgan Chase Bank, N.A., 537 F.3d 565, 576 (6th Cir. 2008).

#### 1. DFAS

Once DFAS received a Notice of Levy from the IRS, it was required to deduct funds every month from Plaintiff's monthly pension payment to satisfy unpaid taxes. DFAS sent Plaintiff written notice that it was complying with the IRS levy, deducted the funds, and submitted them to the IRS every month. Initially, it remitted $557.95 to the IRS and paid the balance to Tatar. After Mayer notified DFAS that Tatar was not entitled to an

5

exemption, DFAS paid $1370.47 to the IRS–his entire monthly benefit less a $9 survivor benefit.

Here, Plaintiff cannot overcome the statutory immunity accorded to DFAS for conduct in compliance with an IRS Notice of Levy. Specifically, Title 26 U.S.C. § 6332(e) states:

> Any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made who, upon demand by the Secretary, surrenders such property or rights to property (or discharges such obligation) to the Secretary (or who pays a liability under subsection (d)(1)) shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment.

The application of this statute is clear. DFAS was, at all relevant times, in possession of Plaintiff's property or rights to property. The Secretary of the Treasury (through an agency of the Treasury Department) made a levy upon such property. DFAS surrendered the property to the IRS. All of the actions taken by DFAS were taken to collect federal taxes or comply with collection demands. Komansinski v. IRS, 588 F. Supp. 974, 977-78 (N.D. Ind. 1984). to dismissal from this action.

### 2. Mayer and Little

The basis of the claims advanced against Mayer and Little arise out of Tatar's position that he is not a taxpayer, and, therefore, he owed no taxes.[1] As support for his

---

[1]There are numerous other grounds for dismissing the claims brought by Tatar. For example, Plaintiff cannot bring a claim under 42 U.S.C. § 1983 against federal actors based on conduct taken pursuant to federal law. Here, IRS Defendants sent notices of levy corresponding to Tatar's tax liability–conduct taken pursuant to federal law by federal actors. Nor can Tatar bring a claim of damages under Title 18; he lacks standing as a private citizen. He concedes this claim is not viable. (Doc. No. 33 at 25-26).

position, Tatar asserts that he was not engaging in interstate commerce when he earned his income, he was not exercising any corporate privileges, he did not work or reside within the federal jurisdiction, but the State jurisdiction only. He was not engaged in the manufacture of sale of commodities, and his occupation requires no license from the federal government. He further insists that he is neither a nonresident alien nor a foreign corporation to whom a person in the United States owes money. (See Doc No. 11 at 25). Therefore, he concludes he and his revenues are outside the indirect taxing authority of the United States, and the federal government lacked authority to tax his revenues. Consequently, he had no tax deficiency.

In Paragraph 4 of his Complaint, Tatar alleges that Mayer violated the Constitution in collecting taxes from Plaintiff. He cites one of the four provisions of the Constitution enumerating the powers of Congress to tax: Article I, Section 2, Clause 3, which provides that "[r]epresentatives and direct Taxes shall be apportioned among the several States which may be included within this Union, according to their respective numbers. . . ." According to Tatar, Mayer lacked authority to collect direct taxes from Plaintiff because direct taxes can be levied only on the fifty states. (Doc. No. 1 at ¶ 4). Tatar also alleges Mayer violated Article I, Section 8, Clause 1 of the Constitution, which provides "[t]he Congress shall have the Power to lay and collect Taxes. . . ."; and Article I, Section 9, Clause 4, which reads, "No Capitation, or other direct, Tax shall be laid, unless in Proportion to the Census or Enumeration herein before directed to be taken." (Doc. No. 1 at ¶ 5). According to Tatar the work capitation tax means "a tax or an imposition upon

a person." Finally, Tatar alleges that Mayer violated the Sixteenth Amendment because income tax is an indirect tax and the Sixteenth Amended "conferred no new taxing power on Congress." (Doc. No. 1 at ¶ 6). The other unlawful acts Plaintiff alleges Mayer committed arise out of his "illegal" collection activity. Plaintiff's allegations fail to state a claim.

The Sixteenth Amendment removed certain restrictions placed upon Congress' taxing power in Article I, Section 2, Clause 3, and Article I, Section 9, Clause 4. First and foremost the Sixteenth Amendment addresses the need for apportionment among the states. See Peck v. Lowe, 247 U.S. 165 (1918). It reads: "Congress shall have power to lay and collect taxes on incomes, from whatever source derived, without apportionment among the several States, and without regard to any census or enumeration." U.S. CONST. Amend. XVI. This language not only governs the sources from which the income tax may be assessed it clarifies that Congress does not need to apportion such tax among the states based on their number or any census or enumeration. United States v. Bailey, 131 F.3d 152 (10th Cir. 1997) (holding that the Sixteenth Amendment is "a broad grant of power to tax income from whatever source it is derived"). In light of the Constitution, Tatar's position that he is not a taxpayer and his position that his pension is not taxable lack merit.

In addition, 26 U.S.C.A. § 6331(a)[2] grants levy authority to the Commissioner,

---

[2] (a) Authority of Secretary.--If any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary to collect such tax (and such further sum as shall be sufficient to cover the expenses of the levy) by levy upon all property and rights to property (except such property as is exempt

enabling him to proceed administratively to assert the Government's rights in the property of the taxpayer held by any person. See United States v. Natl. Bank of Commerce, 472 U.S. 713, 720-21(1985); Allen v. I.R.S. Com'r, 624 F. Supp. 2d 689, 693-94 (N.D. Ohio 2008).

Lastly, under governing case law, Tatar's position that income tax is an excise tax, which cannot be assessed against him is untenable. Specifically, in Martin v. Comm'r., 756 F.2d 38 (6th Cir. 1985), the Sixth Circuit considered whether the income tax was properly applied to wage earners. In that case, the petitioner asserted that the Tax Court lacked jurisdiction over him because the Supreme Court, in Brushaber v. Union Pacific RR, Co., 240 U.S. 1 (1916), held that "an income tax is really an excise tax, which can only be assessed against those either licensed or incorporated." In rejecting the argument, the panel in Martin, 756 F.2d at 40 charactered the argument as "baseless," observing:

> In Brushaber, the Court found the 1913 income tax law to be constitutional. The Court also noted that in Pollock [v. Farmers' Loan and Trust Co., 158 U.S. 601(1895), a case that pre-dated the establishment of the federal income tax in 1913], it had previously found the taxing of income from

---

under section 6334) belonging to such person or on which there is a lien provided in this chapter for the payment of such tax. Levy may be made upon the accrued salary or wages of any officer, employee, or elected official, of the United States, the District of Columbia, or any agency or instrumentality of the United States or the District of Columbia, by serving a notice of levy on the employer (as defined in section 3401(d)) of such officer, employee, or elected official. If the Secretary makes a finding that the collection of such tax is in jeopardy, notice and demand for immediate payment of such tax may be made by the Secretary and, upon failure or refusal to pay such tax, collection thereof by levy shall be lawful without regard to the 10-day period provided in this section.

> professions, trades, employments or vocations to be constitutional in the form of an excise tax. In light of the sixteenth amendment, however, all taxation of income, "from whatever source derived," was found to be constitutional in Brushaber. A multitude of cases following Brushaber have held that the type of revenues and receipts earned by appellant. . .constitute taxable income under the Internal Revenue Code. . . .

Accord Sawukaytis v. C.I.R., 102 F. App'x 29, 33 (6th Cir. 2004) (holding that the IRS has authority to assess income taxes, determine deficiencies, and assess tax penalties). In sum, Tatar's assertion that he is not a taxpayer is meritless. He has a duty to pay taxes pursuant to 26 U.S.C. § 1. See, Dunn v. I.R.S., CIV. A. 07-10528, 2007 WL 2050830 (E.D. Mich. July 17, 2007) (observing that "[c]ompliance with Internal Revenue laws and regulations is not voluntary") (citations omitted).

Moreover, federal law places a tax lien in favor of the Government upon "all property and rights to property, whether real or personal, tangible or intangible" of a taxpayer who fails to pay taxes due and owing after assessment and demand. 26 C.F.R. § 301.6321-1; 26 U.S.C. §§ 6321-22. A federal tax lien's reach is expansive inasmuch as Congress intended it "to reach every interest in property that a taxpayer may have." United States v. Nat'l Bank of Commerce, 472 U.S. 713, 719-20 (1985). Consequently, Defendants committed no violation of Tatar's rights, and his claims, which arise from the assessment or collection of taxes, fail to meet the pleading standards articulated in Twombly, 550 U.S. at 570.

## IV. CONCLUSION

For the reasons stated, Defendants' Motion is **GRANTED** and Plaintiff's motion is

**DENIED**.

       **IT IS SO ORDERED.**

                                                      s/Marianne O. Battani
                                                         MARIANNE O. BATTANI
                                                  UNITED STATES DISTRICT JUDGE

Dated:     August 9, 2013


### CERTIFICATE OF SERVICE

     Copies of this Order were served upon Plaintiff and counsel of record on this date via the Court's ECF Filing System.

                                                        s/Bernadette M. Thebolt
                                                        Case Manager