UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN J. TATAR,

                Plaintiff,

v.

WILLIAM R. MAYER, JAMES LITTLE, DEFENSE FINANCE AND ACCOUNTING SERVICES, OFFICE OF RETIREMENT SERVICES, STATE OF MICHIGAN, MICHIGAN EDUCATION CREDIT UNION, and MIDAMERICA ADMINISTRATIVE AND RETIREMENT SOLUTIONS, INCORPORATED,

                Defendants.
_____/

CASE NO. 12-14814

HON. MARIANNE O. BATTANI

**OPINION AND ORDER GRANTING DEFENDANT MIDAMERICA'S
MOTION FOR JUDGMENT ON THE PLEADINGS**

Before the Court is Defendant MidAmerica Administrative and Retirement Solutions, Inc.'s ("MidAmerica") Motion for Judgment on the Pleadings (Doc. No. 50). The Court has reviewed the relevant filings, and finds oral argument will not aid in the resolution of this dispute. See E. D. Mich. LR 7.1(f)(2). For the reasons discussed below, the Court **GRANTS** Defendant's motion.

**I. STATEMENT OF FACTS**

Plaintiff John Tatar brings this action pursuant to 42 U.S.C. § 1983, alleging that his civil rights have been violated. Defendant MidAmerica administers a 403(b) retirement plan in which Tatar is a participant. (Doc. No. 1 at ¶ 11). It is undisputed that Tatar received an employer contribution in the amount of $11,667.00 in to his 403(b) account on July 20, 2010. (Id.; Doc. No. 5 at ¶ 11). Tatar subsequently requested a distribution and

was fully paid in the amount of $11,696.65 on August 23, 2010. It is further undisputed that MidAmerica withheld 20% of the amount or $2,339.99. (Doc. No. 5 at ¶ 11).

In his Complaint, Tatar asserts that he was "coerced" into "allowing Mid America to withhold" a portion of his "buy out contract" as a tax, and that MidAmerica informed Plaintiff that it would hold all of his earnings until Plaintiff agreed. (Doc. No. 1 at ¶ 11). In support of his First Cause of Action for Conversion, Tatar alleges that MidAmerica intentionally interfered with his personal property. (Doc. No. 1 at ¶¶ 32, 33).

## II. STANDARD OF REVIEW

"A pleading that states a claim for relief must contain. . .a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). The requirement is meant to provide the opposing party with " 'fair notice of what the. . .claim is and the grounds upon which it rests.' " Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, (2007) (quoting Conley v. Gibson, 355 U.S. 42, 47 (1957)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Twombly, 550 U.S. at 570)). "Facial plausibility" requires the plaintiff to include sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

If a complaint does not meet that standard, the opposing party may move to dismiss it for failure to state a claim at any time before filing an answer or for judgment on the pleadings after filing an answer. See Fed. R. Civ. P. 12(b)(6) & (c). "[T]he legal standards for adjudicating Rule 12(b)(6) and Rule 12(c) motions are the same. . . ." Lindsay v. Yates, 498 F.3d 434, 437 n. 5 (6th Cir. 2007).

"A complaint attacked by a Rule [12(c) motion for judgment on the pleadings] does not need detailed factual allegations." Twombly, 550 U.S. at 555 (citations omitted). Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. "Factual allegations must be enough to raise a right to relief above a speculative level, on the assumption that all the allegations in the complaint are true. . . ." Id. at 555-56 (citations omitted).

### III. ANALYSIS

The parties agree that Plaintiff participated in a tax-deferred retirement plan sponsored by the Livonia Public School District. The plan provides that earnings in a participant's account are tax-deferred until the time of distribution. Moreover, when a distribution goes directly to the participant, it is treated as income and under federal tax law, "the payor of [a] distribution. . . .shall withhold from such distribution an amount equal to 20 percent of such distribution." See 26 U.S.C. § 3405(c)(1)(B); Treas. Reg. § 31.3405(c)-1 (2007); see also I.R.S. P.L.R. 200038055 (Sept. 22, 2000); I.R.S. P.L.R. 9728053 (July 11, 1997).

Tatar has conceded the facts giving rise to the withholding, and the governing tax code provision, as enacted by Congress, could not be more clear. MidAmerica merely followed the transfer instruction given by Tatar. It withheld funds for payment of taxes as required by laws enacted by Congress. The tax consequences suffered by Tatar stemmed from his own instruction. As the court noted in Moon v. United States, 95-702T, 1997 WL 718521 (Fed. Cl. July 9, 1997) (citation omitted), "Neither the Internal Revenue Service, the Department of Justice, or the Courts have any choice but to carry out applicable

3

Congressional directives." Certainly MidAmerica was required to do the same. Therefore, the conduct challenged does not state a claim of conversion.

Because Tatar has not shown grounds for entitlement to the relief he requested, the Court need not address whether MidAmerica was a state actor for purposes of 42 U.S.C. § 1983, or whether it was entitled to immunity.

## IV. CONCLUSION

For the reasons stated, Defendant's Motion is **GRANTED**.

**IT IS SO ORDERED.**

                                                s/Marianne O. Battani
                                                  MARIANNE O. BATTANI
                                                UNITED STATES DISTRICT JUDGE

Dated: October 3, 2013

## CERTIFICATE OF SERVICE

Copies of this Order were mailed to Plaintiff and counsel of record on this date by ordinary mail and electronic filing.

                                                s/Bernadette M. Thebolt
                                                      Case Manager